UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELWYN PAUL,<br><br>                         Plaintiff,<br><br>              -against-<br><br>AMERICAN EXPRESS,<br><br>                         Defendant. | 22-CV-5728 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Selwyn Paul, of Mount Vernon, New York, filed this *pro se* action. He sues

American Express, alleging that American Express violated his rights. By order dated October

25, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the Court's general complaint form, and he invokes the

Court's federal question jurisdiction. In the section that asks Plaintiff which of his federal

constitutional or federal statutory rights have been violated, Plaintiff writes, "15 USC 1691(a)(3),

15 USC 1681q, 15 USC 1602(p), 15 USC 1611(1), 15 USC 1602(f), and 15 USC 1681(a)(4)."

(ECF No. 2 at 2.) In his statement of claim, Plaintiff alleges the following:

> American Express is in violation of 15 USC 1691(a)(3) for discrimination, 15
> USC 1681q for obtaining information under false pretenses in order to mislead
> and deceive me, 15 USC 1602(p) for unauthorized us, 15 USC 1611(1) for giving
> me false and inaccurate information willingly and knowingly, 15 USC 1602(f) for
> denying me my righ[t] to credit that I was granted from birth, and 15 USC
> 1681(a)(4) for not respecting my right to privacy.

(*Id.* at 5.)

By way of relief, Plaintiff states that he wishes "to be compensated $6,000 dollars for my consumer rights being violated and I want my American Express Gold Card as well." (*Id.* at 6.)

## DISCUSSION

The Court construes Plaintiff's allegations as asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, based upon Plaintiff's citing federal statutes that govern accessing credit information and his allegation that American Express discriminated against him.

**A.    FCRA**

Congress enacted the FCRA to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA regulates the activities of consumer reporting agencies and the use and dissemination of consumer credit information. *See* 15 U.S.C. § 1681 *et seq*. The FCRA places obligations on three types of entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *See Burns v. Bank of America*, No. 03 Civ. 1685 (RMB) (JCF), 2003 WL 22990065, at *2 (S.D.N.Y. Dec. 18, 2003); *Redman v. Winston & Winston P.C.*, No. 01 Civ. 11475 (DLC), 2002 WL 31106934, at * 3 (S.D.N.Y. Sept. 20, 2002).

1.    Reporting Inaccurate Information

The FCRA imposes certain duties on entities furnishing information to consumer

reporting agencies. 15 U.S.C. § 1681s-2.[1] Subsection 1681s-2 (a) states that persons "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). But "there is no private cause of action for violations of § 1681s–2(a)." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). This is because subsection (a) of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.").

Because Plaintiff asserts that "American Express is in violation of 15 USC 1691(a)(3) for discrimination" (ECF No. 2 at 5), the Court construes this assertion as an allegation that American Express reported inaccurate information to credit reporting agencies. This claim must be dismissed, however, because individuals do not have a private right of action under § 1681s–2(a).

2.      Duty to Investigate

Section 1681s-2(b) of the FCRA "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77-78. The FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)." *Id.* at 80.

---

[1] The term "furnishers of information" is not defined in the statute, *see* 15 U.S.C. § 1681a, but it has been interpreted to mean "entities that transmit, to credit reporting agencies, information relating to debts owed by consumers," *Kane v. Guaranty Residential Lending, Inc.*, No. 04–CV–4847, 2005 WL 1153623, at *3 (S.D.N.Y. May 16, 2005). The Court assumes for purposes of this order that Defendant American Express is a furnisher of information.

A furnisher's duties under § 1681s–2(b) include, among other things, to "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under § 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).

In determining whether a furnisher of information has satisfied its obligations arising under § 1681s-2(b), "courts have required a 'reasonable investigation.'" *Amendoeira v. Monogram Credit Card Bank of Georgia*, No. 05-CV-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Once a dispute has been raised, the FCRA does not require that a furnisher of information delete a consumer's disputed account, but rather "simply requires the furnisher of information to investigate and to report information from the investigation." *Ritchie v. N. Leasing Sys., Inc.*, No. 12-CV-4992, 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016). To allege that an investigation was unreasonable, Plaintiff must plead some facts about the nature of the dispute. *See, e.g.*, *Okocha,* 2010 WL 5122614, at *6 (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Plaintiff's allegations are insufficient to state a valid FCRA claim. Plaintiff does not allege that inaccurate information from American Express appeared on his credit report. He also

does not allege that he disputed information from American Express that appeared on his credit report. The Court therefore grants Plaintiff leave to replead this claim. If Plaintiff submits an amended complaint asserting a claim under § 1681s-2(b), he must plead some facts about what information Defendant is erroneously reporting and how Defendant's investigation was deficient.

**B.     FDCPA**

The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in Section 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Section 1692d, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Plaintiff has failed to allege any facts suggesting that he owed a debt to American Express, or that American Express attempted to collect a debt from him. Thus, the complaint does not state a viable FDCPA claim, and the Court therefore grants Plaintiff leave to replead this claim. If Plaintiff submits an amended complaint asserting a FDCPA claim, he must plead facts about a debt he owed to Defendant and describe the conduct that Defendant engaged in to collect that debt.

## C.    Private Prosecution

Based upon the statutes cited by Plaintiff, *see* 15 U.S.C. § 1681q and 15 U.S.C. § 1611(1), he apparently seeks to bring criminal charges against American Express for its alleged actions. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's attempt to bring federal criminal charges against Defendant must therefore be dismissed because he fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts to state a valid claim against American Express under the FCRA and the FDCPA, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide facts about his claims against American Express. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against American Express. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what American Express did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court what federally protected rights American Express violated and how; when and where such violations occurred; and why Plaintiff is entitled to relief. [2]

---

[2] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-5728 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2023
       New York, New York

                                     /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                                           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                         Middle Initial          Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____    _____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State              Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State              Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State              Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# <u>Notice For Pro Se Litigants</u>

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



